UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRODERICK L. LOFTON,

                Petitioner,

vs.                                        Case No.  5:10-cv-256-Oc-29DNF

WARDEN, FCC COLEMAN- MEDIUM,

                Respondent.
_____

**OPINION AND ORDER**

    Petitioner Broderick L. Lofton, a federal prisoner incarcerated at the Federal Correctional Complex, located in Coleman, Florida, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) and attached a memorandum of law (Doc. #1-1, Memorandum). The Petition attacks the validity of Petitioner's plea based sentence entered by the Middle District of Florida, Ocala Division, in case number 5:03-cr-62-Oc-10GRJ of two counts of distribution of unstated quantities of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(c).  Petition at 1, 12. Pursuant to 18 U.S.C. § 944(e)(1), Petitioner was sentenced as an armed career criminal to 151 month term of imprisonment. See Case No. 5:03-cr-62-Oc-10GRJ (Doc. #33).  Relying on Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010), and other related cases, Petitioner challenges his sentence for his plea-based conviction on the grounds that he is actually innocent of his

sentencing enhancements. See Petition at 12-3; Memorandum at 2-6.

Respondent filed a Response to the Petition seeking dismissal of the Petition (Doc. #9, Response) and submitted supporting exhibits, including a copy of the pre-sentence investigation report ("PSI report") under seal. See entry Jan. 13, 2011. Petitioner filed a Reply to the Response (Doc. #10, Reply) and a supplemental reply (Doc. #12).[1]  For the reasons set forth herein, the Court finds the Petition should be dismissed.

Title 28 U.S.C. § 2241 provides a means for a prisoner to challenge the execution of his sentence. Here, Petitioner is challenging the validity of his conviction and 151-month sentence. Thus, the Court must first determine whether Petitioner is entitled to relief under § 2241.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*).  When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). See also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute

---

[1] Arguments raised for the first time in a reply brief will not be addressed. Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005)(citations omitted).

of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241.[2] According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive § 2255 motion. Id. Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). A petitioner must meet each element of this test. Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Here, Petitioner is not entitled to relief under § 2241 because he does not satisfy the Wofford requirements. At the

---

[2]Petitioner previously filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on June 29, 2005. See Middle District of Florida, Ocala Division, Case No. 5:05-cv-300-Oc-10GRJ.

outset, Begay is inapplicable to Petitioner's case because Petitioner's enhancements do not include any offense of carrying a concealed weapon.[3]  See generally PSI report at 4.  To the extent that Petitioner's sentencing enhancements included resisting arrest with violence and battery on a law enforcement officer, Petitioner can not demonstrate that Johnson is retroactive and the Court finds otherwise. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). An examination of the Court's opinion in Johnson does not indicate that it was made retroactive to cases on collateral review. Johnson does not use the word "retroactive," let alone discuss application to cases of collateral review. See In re Patterson, Case No. 10-13445-D, 2010 U.S. App. LEXIS 26606 at *3 (11th Cir. Aug. 12, 2010) ("In Johnson, the Supreme Court did not discuss the applicability of its ruling as to retroactivity on collateral review and, thus, did not explicitly make the case retroactive on collateral review."); Hodges v. Warden, FCC Coleman USP I, Case No: 5:10-cv-369-Oc-10TBS, 2012 WL 1094070 at *3 (M.D. Fla. April 2,

---

[3] Even if Begay did apply to Petitioner's case, the Eleventh Circuit has recognized that Begay is not retroactive.  United States v. Coley, 336 F. App'x 933, 935 (11th Cir. 2009).

2012)(finding Johnson not retroactive); Kilgore v. United States, Case No: 8:10-cv-1973-T-24TBM, 2012 WL 2087415 at *1 (M.D. Fla. June 8, 2012); Hill v. United States, Case No: 3:11-cv-196-J-37TEM, 2011 WL 1110057 at *4 (M.D. Fla. April 3, 2012)(finding Johnson not retroactive); Berryhill v. United States, Case No: 8:11-cv-444-T-30MAP, 2011 WL 4502064 at *1 (M.D. Fla. Sept. 28, 2011)(finding Johnson "a case of statutory interpretation, not a creation of a new right."); Jackson v. United States, Case No: 8:10-cv-2000-T-27TBM, 2011 WL 4005291 at *7 (M.D. Fla. Sept. 8, 2011)(finding no binding precedent to apply Johnson retroactively); Crawford v. United States, Case No. 8:11-cv-1866-T-30TGW, 2011 WL 3702664 at *2 (M.D. Fla. Aug. 23, 2011)(stating no statement from Supreme Court and no binding Eleventh Circuit precedent requiring retroactive application); Rogers v. United States, Case No. 8:10-cv-1873-T-27EAJ, 2011 WL 3625623 at *2 (M.D. Fla. Aug. 17, 2011)(same); Hires v. United States, Case No. 8:11-Cv-388-T-30TGW, 2011 WL 3566701 at *2 (M.D. Fla. Aug. 12, 2011)(finding "Johnson did not recognize a new right."); McGowan v. United States, Case No. 8:10-CV-2526-T-30EAJ, 2011 WL 2470168 at *2 (M.D. Fla. June 21, 2011)(stating "[n]othing in the Johnson decision indicates that the Supreme Court intended for the holding to apply retroactively."); Tarver v. United States, Case No. 8:10-CV-2529-T-30MAP, 2011 WL 2970089 at *2 (M.D. Fla. June 20, 2011)(same). Because the Court

concludes that Johnson is not retroactive, Petitioner cannot meet the first prong of Wofford.

Additionally, even if Petitioner can show that Johnson is retroactive to "open the portal" to a § 2241 proceeding, the petitioner must still demonstrate "actual innocence." Wofford, 177 F.3d at 1244, n.3 (citing Bousely v. United States, 523 U.S. 614, 623 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).  Here, Petitioner does not contend that he is innocent of the offense for which he stands convicted and incarcerated; he argues that he is "innocent" of the underlying predicate offenses that affected his sentencing due to an intervening change of law.  Petitioner's actual innocence argument is precluded by Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011)(en banc)(finding that "actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied"). See also McKay v. United States, 657 F. 3d 1190, 1197-99 (11th Cir. 2011)(noting "legal, rather than factual, innocence" . . . "fails to fall within the actual innocence exception's purview'); Edwards v. Warden, FCC Coleman—Medium, 432 F. App'x 897, 899 (11th Cir. 2011)(stating "[t]here is no precedent in this circuit for applying the savings clause to sentence claims.").

In the alternative, the Court finds that Petitioner has failed to demonstrate that his underlying offense for battery on a law enforcement officer did not qualify as a violent crime.[4] In Johnson, the Supreme Court considered whether the Florida felony battery offense under Fla. Stat. § 784.03(1)(a), (2) (2003) was a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The Supreme Court determined that in order for a crime to be a violent felony, it must involve "violent force," further defined by the Court as "force capable of causing physical pain or injury to another." Johnson, 130 S. Ct. at 1271. The Johnson Court concluded that because criminal liability under § 748.03(1)(a) is satisfied by any intentional physical contact, no matter how slight, that crime does not have the use of physical force as an element, as required by the ACCA definition of "violent felony." Johnson, 130 S. Ct. at 1269-71. The Court, however, did not consider whether the offense qualified as a violent felony under ACCA's residual clause. Id. at 1271.

Here, the PSI report set forth the facts in support of the underlying charge of battery on a law enforcement officer. The

---

[4]The Petition only challenges the prior convictions listed in paragraph 32 of the PSI. Memorandum at 2. Specifically, burglary of a dwelling; resisting arrest with violence; and, battery on a law enforcement officer (state docket number 91-1916-CFA). These convictions arose from the same incident; therefore, if either conviction constitutes a violent felony, it can serve as one of three predicate offenses for purposes of the Armed Career Criminal Act. Turner v. Coleman, ___ F.3d ____, 2013 WL 646089 *7 (11th Cir. Feb. 22, 2013).

Court may "look outside of the offense of conviction to the conduct surrounding the conviction" and consider the undisputed statements in a PSI in making factual findings as to whether an offense is a crime of violence. United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009). In Petitioner's case, the PSI report indicates that Petitioner chased two victims around the police car shouting "I'm going to kill you." PSI report at ¶ 32. When the victims entered the patrol car for safety, Petitioner hit the windows of the car continuing to threaten to kill them. Id. Police officers tried to get Petitioner to stop and submit to arrest, but he refused to do so repeatedly causing officers to attempt to restrain him. Id. Petitioner kept pulling away from officers and threatened the police officers while kicking and swinging his arms. Id. When being placed in the patrol car, Petitioner kicked a police officer in the chest. Id.

Because Petitioner did not object to the PSI's description of the facts underlying his convictions, those facts are deemed admitted. Beckles, 565 F.3d at 844. Thus, the Court finds that this is not the "slight" touching that the Johnson court found did not qualify as a crime of violence. Instead, this conduct clearly "presents a serious potential risk of physical injury to another" as provided in the residual clause.

Further, simultaneously with being charged with Battery of Law Enforcement Officer in violation of Fla. Stat. § 784.07(2)(b),

Petitioner was also charged with Resisting Arrest With Violence in violation of Fla. Stat. § 843.01. PSI report at ¶ 23. In the wake of Johnson, the Eleventh Circuit has held multiple times that violating § 843.01 falls squarely within the residual clause and constitutes a violent felony for purposes of the ACCA. See e.g., United States v. Nix, 628 F.3d 1341 (11th Cir. 2010), cert. denied, ___ U.S. ___, 132 S. Ct. 258, 181 L. Ed. 2d 150 (2011); United States v. Hayes, 409 F. App'x 277 (11th Cir. 2010), cert. denied, ___ U.S. ___, 132 S. Ct. 125, 181 L. Ed. 2d 47 (2011). Relying on both "common-sense analysis," and the "plain language of the statute," the court found that "[c]ommission of the crime requires . . . that the defendant have knowingly and willfully resisted, obstructed, or opposed an officer by offering or doing violence to the person of that officer." Hayes, 409 F. App'x at 279 (internal citations omitted) (emphasis in original). See also United States v. Canty, 431 F. App'x 826 (11th Cir. 2011), cert. denied, ___ U.S. ___, 132 S. Ct. 532, 181 L. Ed. 2d 373 (2011)(finding that § 843.01 falls squarely within the ACCA's residual clause).

Based upon the foregoing, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Consequently, the Court will dismiss the Petition because this Court is without jurisdiction to grant Petitioner the relief he seeks.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __3rd__ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record